# EXHIBIT 9

# Steffensen ✦ Law ✦ Office

A Professional Corporation

Brian W. Steffensen                                       brian@steffensenlaw.com

July 19, 2006

Betty Reed
State Farm Insurance
Greeley Operations Center
P.O. Box 339409
Greeley, CO 80633

                  RE:    Claim No. 44-U337-491

Dear Ms. Reed:

      Our client, Edvin C. Remund has suffered damages exceeding $38,000 due to flooding and undermining on his property which State Farm currently insures. To this point, State Farm has reneged on their contract to pay this claim stating that the Standard Flood Insurance Policy that Mr. Remund purchased does not cover the damages. However, to this point the discussion has centered around Mr. Remund's channeling walls and has not touched on the central damage caused to his support pillars and the overall structural integrity of the home.

      When these damages to the support pillars began, Mr. Remund had one of your agents come to inspect the problem. At that time, Mr. Steve Purcell inspected the damages and affirmed State Farm's duty to cover such damages and offered remuneration. Since that time, largely due to State Farm's unwillingness to simply cover the expenses of refurbishing the channeling wall, Mr. Remund's support pillars have become completely disjointed from the structure they are holding up. In order to keep the whole house from coming down, Mr. Remund has had to do extensive reconstruction totaling at least $38,000.

      While we strongly disagree with your assessment of State Farm's duty to Mr. Remund regarding his channeling walls, (and plan to pursue this problem further) this issue in no way excuses State Farm's contractual duty to cover the rest of Mr. Remund's damages to his support pillars and actual dwelling. Per your Flood Insurance Policy, page 2, number 12 we submit the following pictures



2159 South 700 East, Suite 240     Salt Lake City, Utah     Tel (801) 485 3707    Fax (801) 485-7140

SFF 0118

2

documenting the "physical changes to the property" as well as the efforts made by Mr. Remund to mitigate these damages. We hope these photos and accompanying explanations clarify our claim and lead to a speedy remuneration to Mr. Remund per his insurance policy. Again, please review these photos and consider your responsibility to our client to avoid a bad faith claim against your company.

Thank you for your prompt attention to this matter. I look forward to hearing from you in the near future.

Sincerely,

Brian W. Steffensen