# EXHIBIT 11

Brian W. Steffensen, 3092
STEFFENSEN LAW OFFICE
2159 South 700 East, Suite 240
Salt Lake City, UT 84106
Telephone: (801) 485-3707
Fax: (801) 485-7140
*Attorney for Plaintiff*

FILED
3RD DISTRICT COURT
07 APR 18 PM 4:49
SALT LAKE DEPARTMENT
BY_____
DEPUTY CLERK

44-U337-491

IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE COUNTY
SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| Edvin C. Remund, an individual, ) | **Complaint and Jury Demand** |
| Plaintiff, ) | |
| ) | Civil No. 070905865 |
| vs. ) | |
| ) | Judge Quinn |
| State Farm Fire and Casualty Company, ) | |
| dba State Farm Insurance, a Nation Wide ) | |
| Insurance Company, ) | |
| Defendant. ) | |

Edvin C. Remund ("Remund"), by and through his undersigned attorney, for relief on his claims against the defendant, avers the following:

1. Edvin C. Remund is an individual and resident of Salt Lake County.

2. State Farm Insurance ("State Farm") is an Nation Wide Insurance Company, which has a branch and is doing business in Salt Lake County, Utah.

3. In April of 2005, Remund went to a local State Farm branch and had a consultation with a representative regarding his property (particularly the summer home) with respect to obtaining flood insurance. In this consultation, Remund produced photos of the summer

home, the stream and the channel walls as well as the summer home's support structures for the representative to view and assess which flood policy would cover Remund's property.

4. Vicki Tuaa ("Tuaa") a local agent for State Farm, advised Remund that the Standard Flood Insurance Policy "Dwelling Form" would be the most appropriate for Remund's situation and specifically represented and warranted to Remund that it would cover any flood damage which Remund's property – including the summer home's foundations and the channel walls – might sustain.

5. Remund purchased the flood insurance from State Farm in April 2005 in reliance upon these representations and warranties.

6. In May of 2005, Remund began experiencing problems on his property with rising water levels which caused severe flooding, which damaged the channel walls and began to undermine the structure's foundation.

7. Remund filed a flood claim with State Farm with the date of loss being approximated at June 1, 2005.

8. State Farm Claim Representative, Steve Purcell ("Purcell"), inspected the site on September 23, 2005.

9. Remund received a letter from State Farm, dated October 21, 2005, which denied the majority of Remund's claim as being not covered by the insurance policy, in violation of the representations and warranties which had been made by State Farm agent Tuaa.

-2-

10. Purcell wrongfully attempted to characterize Remund's channeling walls as retaining walls; and based thereon, denied that they were covered by Remund's flood insurance policy.

11. State Farm refused to assist Remund in repairing the channeling walls, nor would State Farm agree that structural support for the summer home had been undermined and needed repair.

12. The denial of Remund's claim by State Farm was done in bad faith and in violation of Tuaa's expressed representations and warranties.

13. In 2006, additional runoff water continued to undermine the channel and the structural support for the summer home, such that the entire structure was threatening to collapse.

14. Remund contacted State Farm in January and February of 2006 with letters explaining that Purcell's classification of Remund's property was incorrect and that in fact his property contained channeling walls, which were/are covered under his current flood policy.

15. State Farm continued to deny coverage for Remund's claim.

16. In the summer of 2006, State Farm sent another representative to inspect Remund's property. After the inspection, the representative ignored the claim and simply let the claim stagnate.

17. Remund took steps to mitigate his damages and repair the channel walls and structural supports to keep the building from collapsing.

-3-

18. To date, Remund has spent approximately $45,000 in repairs along with countless work hours of his own and other workers.

19. Remund submitted these additional itemized repairs and costs to State Farm for reimbursement. Many months passed by without any contact from State Farm with respect to the additional claims.

20. On November 27, 2006, Remund received a letter from Andrew Wright ("Wright") of the law firm of Strong and Hanni, stating that Wright had been retained to assist with the claim. Mr. Wright requested documentation supporting the amount claimed by Remund.

21. On December 13, 2006, Remund sent extensive documentation supporting the entire amount of his claim to Wright. Wright responded on December 21, 2006, with letter stating that State Farm would like an additional or third inspection of the property. Wright also suggested that some of Remund's claim may still not be covered under the policy.

22. On January 23, 2007, Remund sent a letter to Wright stating that even though State Farm had already had two representatives inspect the property, and even though State Farm had already denied his claim and had continually denied it for over a year and a half, he would still be willing to have a third representative inspect the site.

23. State Farm ignored Remund's letter for two more months and continued it's pattern and practice of delay after denial, when on March 15, 2007, Remund received a letter from Wright stating that a claim adjuster had finally been assigned to Remund's claim.

24. Mark Carter ("Carter") was apparently assigned as the adjuster for Remund's claim. However, an additional month has passed by and there has still been no contact from Carter.

25. It is clear that State Farm has De Facto denied Remund's Claims, and done so in bad faith and in breach of the expressed representations and warranties made by State Farm agent, Tuaa.

### First Claim for Relief
### Breach of Contract

26. All of the paragraphs of this complaint are incorporated herein by reference.

27. State Farm's conduct constitutes a breach of terms of the Standard Flood Insurance Policy. Remund is entitled to actual damages resulting from the breach of contract.

28. Remund is entitled to judgment against State Farm, for actual damages in an amount to be determined at trial, but not less than $50,000; plus costs and attorney's fees.

### Second Claim for Relief
### Breach of Warranty

28. All of the paragraphs of this complaint are incorporated herein by reference.

-5-

29. Remund entered into a contract with State Farm because State Farm represented and warranted that Remund would have coverage for all of his property if he purchased the Standard Flood Insurance. State Farm made the representations and warranties to Remund but failed to fulfill them.

30. Remund is entitled to judgment against State Farm for his actual damages, in an amount to be proven at trial but not less than $50,000; plus costs and attorney's fees.

### Third Claim for Relief
### Equitable Estoppel/ Promissory Estoppel

31. All of the paragraphs of this complaint are incorporated herein by reference.

32. Remund entered into a contract with State Farm by purchasing the Standard Flood Insurance Policy.

33. State Farm represented that by Remund purchasing the policy, he would have coverage for his property in the event that flooding occurred.

34. The contract to obtain the flood policy represents that State Farm had agreed to pay Remund if flooding occurred, but now State Farm refuses to pay him.

35. Remund is entitled to judgment against State Farm for his actual damages, in an amount to be proven at trial but not less than $50,000; plus costs and attorney's fees.

### Fourth Claim for Relief
### Bad Faith

36. All of the paragraphs of this complaint are incorporated herein by reference.

-6-

37. State Farm's actions complained of herein, constitute bad faith.

38. Remund is entitled to judgment against State Farm not only for actual damages as prayed for herein, but also for punitive damages, in an amount to be proven at trial but not less than $250,000; plus costs and attorney's fees.

WHEREFORE, Remund prays for relief as follows:

1. For judgment against State Farm:

   a. For actual damages in an amount to be determined at trial, but not less than $50,000.

   b. For consequential damages in an amount to be determined at trial, but not less than $50,000.

   c. For punitive damages in an amount to be determined at trial, but not less than $250,000.

2. For costs and attorney's fees.

3. For interest, both before and after judgment, on all amounts awarded herein at the legal rate until paid in full.

4. For such other relief as the Court deems appropriate under the circumstances.

DATED this ___16___ day of April 2007.

STEFFENSEN LAW OFFICE

Brian W. Steffensen, Esq.

Plaintiff's Address:
2159 S. 700 E #240
Salt Lake City, Utah 84106

-7-